FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 11, 2017

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID R. PRIEST,

                Plaintiff,

  vs.

SUPERINTENDENT D. HOLBROOK,
CPM JACKSON, CUS A. ALVAREZ-
JACKSON, SGT DAVID BREWER, C/O
DUNCAN and C/O DOE,

              Defendants.

NO. 2:17-cv-00133-JLQ

ORDER DISMISSING ACTION

BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 15. Plaintiff, a prisoner currently housed at the Airway Heights Corrections Center, ECF No. 16, is proceeding *pro se* and *in forma pauperis*. Defendants have not been served. Liberally construing the allegations in the light most favorable to Plaintiff, the Court finds he has failed to cure the deficiencies of the initial Complaint.

Plaintiff seeks monetary damages for the unauthorized deprivation of authorized eagle feathers at the Washington State Penitentiary. Plaintiff asserts alleged due process and equal protection violations, First and Eighth Amendment violations and violations of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc et seq., and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-2000bb-4.

## PLAINTIFF'S ALLEGATIONS

Plaintiff states he was assembling 20 eagle feathers to make a fan for use in traditional Native American ceremonies, when he was moved to segregation on August 9, 2015. He complains Defendants C/Os Duncan and Doe packed up his property but failed to leave an

ORDER DISMISSING ACTION – 1

inventory list and allegedly stole or destroyed his eagle feathers. Plaintiff contends these feathers are irreplaceable as the United States Department of the Interior Fish and Wildlife Service had sent him a "one time only" package of 20 eagle feathers just over two weeks earlier. ECF No. 15 at 10.

Plaintiff blames Defendant Sgt. Brewer for directing Defendants Duncan and Doe to pack Plaintiff's belongings without ensuring they were properly trained, without informing them Plaintiff was a practicing Native American, without providing them with Plaintiff's religious matrix of authorized items, and without supervising them. Plaintiff also accuses Defendant Brewer of failing to respond to a kite regarding the mishandling of his eagle feathers.

Plaintiff blames Defendant Alverez-Jackson, the Custody Unit Supervisor, for failing to ensure Defendants Brewer, Duncan and Doe were trained to comply with policies for handling prisoners' property. He claims Defendant Holbrook is responsible for his staff's conduct as the facility Superintendent.

Plaintiff asserts: "[B]ecause these kind [sic] of procedures are not being used at other facilities that cause Native Americans [sic] sacred items to be stollen [sic] or destroyed, the procedures used or allowed to be used by Brewer, violated plaintiffs 14th Amend. due process & Equal protection, and the 8th Amend. Cruel & Unusual punishment." ECF No. 15 at 8. These blanket assertions do not state a claim on which relief may be granted.

## EIGHTH AMENDMENT

To establish an Eighth Amendment violation, an inmate must show the prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Deliberate indifference exists when the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842.

Under the Eighth Amendment, the pertinent inquiry is (1) whether the alleged violation constitutes an infliction of pain or a deprivation of the basic human needs, such as

adequate food, clothing, shelter, sanitation, and medical care, and (2) if so, whether prison officials acted with the requisite culpable intent such that the infliction of pain is "unnecessary and wanton." *Farmer,* 511 U.S. at 834.

Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993)(en banc). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff has alleged no facts from which the Court could infer identified Defendants were deliberately indifferent to a substantial risk of serious harm to his health or safety or deprived Plaintiff of "the minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 834. Plaintiff's conclusory assertions of cruel and unusual punishments and deliberate indifference do not support an Eighth Amendment claim. His contention the mishandling of federally protected eagle feathers "shocks the conscience" is insufficient to invoke Eighth Amendment protections.

## EQUAL PROTECTION

The Equal Protection Clause requires persons who are similarly situated to be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432 (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing prison officials intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001), or similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose,

ORDER DISMISSING ACTION – 3

*Enquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Here, Plaintiff has presented no facts from which the Court could infer intentional discrimination. The failure to provide an inventory list, a single incident when religious feathers apparently disappeared, and the bald assertion "such religious deprivations are not happening to other offenders at other facilities, at least not without a formal hearing being held first," do not show Plaintiff was treated differently than similarly situated persons. Plaintiff has failed to state an Equal Protection claim upon which relief may be granted.

## KITES/GRIEVANCES

Plaintiff accuses Defendants Brewster and Alverez-Jackson of failing to respond to his kites. He also alleges Defendant Jackson, the Custody Program Manager, failed to properly investigate his grievance regarding the missing eagle feathers. Failing to ascertain the actual disposition of Plaintiff's property or suggesting another inmate might have stolen the feathers, without first reviewing security footage, are not constitutional deprivations.

The existence of an administrative remedy process does not create substantive rights and mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional right, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). The failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius,* 291 F.Supp.2d 807, 811 (N.D.Ind.2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's allegations regarding the processing of his kites and grievances fail to state a claim upon which relief may be granted.

ORDER DISMISSING ACTION – 4

# DUE PROCESS

Plaintiff contends the manner in which his property was packed (i.e., thrown into a box without due care and in retribution for his disruptive behavior) is a "clear due process violation." ), ECF No. 15 at 9. Apart from his conclusory assertion, however, the Court finds no support for his assertion of an obvious due process violation. The failure to follow prison policy does not establish a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

According to the United States Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), a district court must focus on the nature of the deprivation imposed when determining whether an inmate is entitled to procedural due process protections. To invoke such protections a prison restraint must impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life." *Sandin*, at 483-84.

Plaintiff has failed to present facts demonstrating the deprivation he alleges rises to the level of an atypical or significant hardship. The unauthorized deprivation of property is such an ordinary incident to confinement, Washington state provides a post deprivation remedy via RCW 4.92.100. *See also* WAC 137-36-060. Plaitniff makes no assertion he availed himself of this remedy.

Because Plaintiff has an adequate post-deprivation state remedy, his claim of the intentional unauthorized deprivation of his property does not state a federal cause of action under § 1983. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 544 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding negligent loss of property is not actionable under the Due Process Clause). As presented, Plaintiff has failed to state a due process claim upon which relief may be granted.

# RELIGION CLAIMS

Plaintiff contends the theft or destruction of his eagle feathers "deprived him of having

the sacred items required when participating in Native American Religion ceremonies" as the feather fan is used to "spread the spirits," which he asserts is "an important part of the ceremony." He claims this violated his First Amendment rights as well as RFRA and RLUIPA.

In 1997, the United States Supreme Court declared RFRA was unconstitutional as applied to the states. *See City of Boerne v. Flores*, 521 U.S. 507 (1997). In addition, the United States Supreme Court has ruled money damages are not available as a remedy to RLUIPA violations. *Sossamon v. Texas,* 563 U.S. 277, 293 (2011). Therefore, Plaintiff has failed to state plausible claims for relief under either RFRA or RLUIPA.

The First Amendment guarantees the right to the free exercise of religion. The Supreme Court has made clear inmates retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion. *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). Here, Plaintiff does not allege a prison regulation has interfered with his right to practice his religion. Rather, he has alleged a single incident of the unauthorized deprivation of his religious property. The religious nature of the property, however, does not open the door to a §1983 claim which was closed by *Hudson v. Palmer,* 468 U.S. at 533.

While the loss or deprivation of federally protected eagle feathers is most unfortunate, the court cannot infer from the factual allegations Plaintiff was prevented from "engaging in religious conduct or having a religious experience." *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1091 (9th Cir. 2008). Indeed, he had received the feathers less than three weeks before they were lost and had not yet assembled them into the fan he claims he needed to "spread the spirits." Consequently, Plaintiff's position regarding his religious practice was no different after the deprivation of his feathers than it was immediately before. He has failed to state a claim upon which relief may be granted.

## RESPONDEAT SUPERIOR

Plaintiff contends Defendant Holbrook, as Superintendent of the Washington State Penitentiary, is responsible for the conduct of correctional staff. Supervising state officials, however, may be liable under § 1983 only if they "knew of the violation[ ] and failed to prevent [it]," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or they established a custom or policy that led to the violation. *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984). *See also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction).

Plaintiff asserts "Holbrook, after being informed of the violations through reports/grievances/appeals, and staff, failed to remedy the wrong." Although Plaintiff contends Defendant Holbrook "turned a blind eye to the situation," ECF No. 15 at 13, he presents no facts showing Defendant Holbrook knew Plaintiff's religious property would be stolen and failed to stop the theft. Indeed, Plaintiff avers his property was lost due to the failure to follow prison policy. Again, the failure to follow prison policy does not establish a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d at 1070.

Plaintiff contends, "Holbrook made a 'Conscious' choice, not to assure subordinates were receiving the correct training and that that training was being administered properly, so that offender property, 'Religious Sacred items' are not being unlawfully confiscated, destroyed, stolen by staff or without first holding a lawful hearing." *Id.* These bald contentions do not state a constitutional violation.

Apart from his conclusory assertions, Plaintiff has presented no facts from which the Court could infer Defendant Holbrook personally participated in a deprivation of Plaintiff's constitutionally protected rights. *Starr,* 652 F.3 at 1207. Plaintiff has failed to state a claim upon which relief may be granted.

Although granted the opportunity to do so, Plaintiff has failed to amend his Complaint to state a claim upon which relief may be granted by this Court.  Therefore,

**IT IS ORDERED** the First Amended Complaint and the claims therein shall be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  **Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**.  The Clerk of Court is directed to enter this Order, enter judgment of dismissal of the First Amended Complaint and the claims therein with prejudice, provide a copy to Plaintiff; and **close the file**.

The Clerk of Court is further directed to provide a copy of this Order to the Office of the Attorney General of Washington, Corrections Division.   The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 11th day of December, 2017.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION – 8